May it please the Court, I'm Alfred Robertson, Jr. I represent Euterio Payan Jaquez. In this case, we argue and we think the law supports our argument that Mr. Payan Jaquez was not convicted of possession of cocaine charge in 2005 as conviction is defined in 8 U.S.C. 1101A48. First of all, it sounds pretty correct. That is, he was not convicted, but as interpreted by the federal law, he got a problem. I don't think so, Your Honor. I disagree, and I hope you will eventually agree with me. Well, I hope you hear it. And I thought about it this way. I think maybe if we think about it this way, what if Mr. Payan Jaquez violated some term of his probation while he was on probation? He would be brought back before the Court, and the Court would say, okay, what is your plea? That's the first thing the Court would do, because the Court's already vacated what it did before, so it's got to start all over again in order to determine whether or not, beyond a reasonable doubt, that he was possessed cocaine in May of 2005. I don't remember the offense date, but in that time frame. But he didn't vacate the guilty plea, right, the judge? That's correct. The order, the – and I can – I bookmarked it, so I can tell you. At the administrative – at the joint appendix, pages 166 and 67, the Court does state, the Court hereby vacates the finding of guilt as to the indictment. No, he didn't vacate the plea. And he couldn't have under the Virginia statute, as I read it. You need the plea in order to kind of trigger the deferred statute, right? I don't think so. I don't think he needs the – I don't think they need the plea. I think the statute – They need a plea. It says a person who pleads guilty to or enters a plea of not guilty to. Right? That's correct. He needs a plea. There has to be a plea on the – one way or the other on the record. Yes, Your Honor. I missed – I was thinking plea of guilty, not plea in general. But had he vacated the guilty plea and not replaced it with a different plea, he couldn't have even relied on this statute. That's correct. Okay. So we're agreed. He did not vacate the guilty plea. So then why isn't that sufficient under the Federal statute? Because the plea and the restraint on liberty that is talked about have to exist in the same space. And where does it say that, about the same space? It says that in the statute, the statute, 8 U.S.C. 1101-848. I don't need to repeat it, I guess. A judge or jury has found – it's A, it's I and little i. A judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warn of finding guilt and the restraint of liberty has been imposed. It doesn't say anything about the same space. It just says the two things to have happened. Why would Congress care whether they happen on the same day or on different days? I just don't understand. I – it's the and that I think Congress pointed out. It doesn't say and simultaneously. If Congress meant and simultaneously, it would have said that. Your Honor, I think that's the only reading that you can take of the and, is that it does mean simultaneously that there needs to be the plea and it needs to be the restraint on liberty that applies. That's a new reading of that. I don't know if any courts ever held that. I don't think anybody's closely argued the point of what the and means, and that's why we're here today to assert that. The reason your argument has some is the use of the word vacature. Did district court use that word? The circuit court of Charlottesville did not use vacular. They used vacates. The court hereby vacates is what the court order says. Go back to Judge Harris. Is that in the statute? I thought it was defer. The statute, 18.2-251, without entering a judgment of guilt and with consent of the accused, may defer further proceedings and place him on probation under terms and conditions. Does it say anywhere that he can vacate in that statute? That's what's confusing me here, and I'm just saying from your perspective, if there's a strong point here, is that this district court did something that's outside the statute. He could do it now because he is a district court. He could vacate. He just couldn't do it under statute. Under the plenary powers, he could dismiss it. That's correct. But if he actually vacated, the word vacate carries a very strong meaning. It means it didn't exist. And that's my point, Your Honor, in my brief. That's what I'm saying. But that statute is not the basis for it. The statute says defer, and even though he may have used the word vacature, the effect of what he did was to follow this statute, which then says, I'm going to defer it. You complete this, and at the end of it, I will dismiss it. But if he's vacated it, there would be nothing to dismiss down the road. At least that's the way I look at it. And maybe that might be your point of contention. But if he's followed a statute, there's not a vacating that's happening here. It's a deference. I told my colleague yesterday when we were discussing this exact point, over a cup of coffee in the Fairfax County Courthouse. You do things differently in Fairfax County than we do in North Carolina. We'd have something stronger than coffee. Yeah, well, it was in the morning, Judge. We weren't over the yard arm yet. So my friend told me, he said, well, just tell the judges that courts can do whatever they want. It's a circuit court judge sitting in Charlottesville vacated this plea. Well, hang on. I'm sorry, Your Honor. Can you hang on? Because I'm not sure they can do whatever they want. And I actually think, and help me out with this, because I have been puzzling over this Virginia statute. It looks to me as though had he not vacated the finding of guilt, he couldn't have used this statute because this has to happen without entering a judgment of guilt. Had that judgment of guilt stayed on the record, I don't think he could have used this first offender statute. Right? I think he had to vacate it. If there was, in fact, a judgment of guilt on the record, I don't think this statute applies anymore. It says pretty clearly it has to happen without entering a judgment of guilt. Your Honor, I think he could have deferred a finding of guilt. He could have done, he could have used the word defer. But wasn't that one already on the books by the time he got to sentencing? Oh, yeah. Okay. This law has been long before the offense state, this law was the law. No, I meant, and I'm working from memory, so tell me if I'm wrong. There were two proceedings in this case. That's your whole point, right, about how it wasn't simultaneous. Right. In the first one, he made a finding of guilt, right? That's correct. And then in the second one, when he tried to invoke this statute, I'm asking, could he have used this statute had the original finding of guilt stayed on the books? You think he could have? I do. I think he could have deferred it. Okay. I think, and he could have used that word defer to do that. I think that's why this case is different. I think that's why this case fits more into what we were talking about, what this court was talking about in Crespo, which is now actually a pretty famous case. You hear lawyers talking about doing a Crespo disposition, and you hear commonwealth attorneys saying, oh, we're not allowed to do that. I mean, it's funny to hear them go back and forth about this court's prior ruling in that case. So to make this make sense, it seems like to me this is what the district court did. He vacated the finding that was made. In other words, he had sufficient facts. He had the plea of guilty in. Then you had the sufficient facts shown, which he finds, to support this plea. Makes a finding, and then he vacates the finding but not the plea. Is that the posture we're in? I think that is one reading of this statute, one reading of what the court order did. I mean, he didn't vacate the whole thing. He just vacated that finding. Under the statute, if he's following the statute, that's all he can do. That's correct. Actually, I do have to concede that that's the correct way to read this order. If that's so, then you are squarely in this federal statute right here that says he's entered a plea of guilty and has admitted sufficient facts. And then the only thing that you can then rest on is there's a temporal requirement that it has to immediately be punishment. That the restraint on liberty does have to occur when the plea is in. That's all you have. That's what I have. I wish I could. I'm good with this. Well, I can't. How much should I argue? I mean, you know, it really comes to that point. I mean, I know where we are. I know what we're looking at. Now, just the rest of this case, and I'm not sure how much the court really is interested in it, if Mr. Payon-Jacquez was not convicted of this offense, we're talking about him being able to stay and work and get a green card and work in the United States just like he had been. He originally got a green card. It was a conditional residency where they want to assess whether the marriage is still valid after two years, and that's why they bring him back on a 751. That's the application you file to remove the conditions on the green card. Mr. Payon-Jacquez never did that. The court, the immigration authorities eventually said, well, your green card's over. It's the only time when a green card really expires is in that situation, and that's where Mr. Payon-Jacquez was. The point I'd like to make, there were a couple of other points I wanted to make from the respondent's brief. I don't think you really say appellant in these kind of cases, petitioner and respondent. That the immigration judge, I think, found it a little bit wrong. The vacater of the prior finding of Payon-Jacquez's guilt was, in essence, a withheld or deferred adjudication of guilt. No, I think vacater means that it was gone, that the finding of guilt was completely gone. I don't think it was deferred or withheld or anything else. I think that's what the case law says. I think that's the only reading of vacater that you can make. But the finding of guilt wasn't required under the definition of what a conviction is in the federal law. Just a plea or facts sufficient for finding, correct? That is correct. So whether the vacater was non-protont doesn't matter, does it, as to the finding of guilt? I think it does matter in this case. Why does it? Because there was no restraint on liberty at the time he entered his plea. That came much later after the vacater of the finding of guilt. And that's why they're not in the, yeah, it's a temporal requirement, that it's not in the same space. What was his status between the two proceedings, if anything? Just go away and come back for a date certain? Yes, Your Honor. That's exactly what was going on. And nothing else? No, Your Honor. I don't see anything else. He had his bond conditions, but those weren't any restraint. Bond conditions? Well, I'm not sure if he had bond conditions. It doesn't, the final order, the order from May 23rd of 2005, well, that's the wrong order. The order from, the order on May 23rd, 2005, it says, the court continues the matter for sentencing until August 23rd, it didn't happen until November 3rd, and recognizes the defendant to appear in the Circuit Court of Charlottesville. That's all the order has in it, and that's at administrative record 164 and 165, where you can see that that was the only thing that the court said. Hey, you've got to come back to court. That was the only thing that there's there, and I don't think that that makes it for the purposes of restraint in the, in the, in what, in what A48 is talking about when you talk about restraint. Can I ask you a question, just because it does seem like your argument necessarily hinges on this idea that the two things have to be simultaneous, the guilty plea and the punishment. And putting to one side, I guess, the kind of terms of the statute, just as a matter of common sense, why would Congress, why would that have been important to Congress? My understanding of what was going on here, right, is Congress has these 50 state systems, and it wants one federal definition that will kind of cover all these various forms of deferred adjudication, and what it's looking for is sort of consistency and uniformity. So why would it matter to Congress that maybe in some states it happens all at once, in other states, like in Virginia, you know, the sentencing may be pushed back a little bit. Why would, as a matter of common sense, why would that make a difference? I think it does. I think it makes a difference because the restraint and the plea should exist. That's what they wrote. The A48 has an and in there, meaning that they exist in the same space. Your argument is purely sort of a plain language argument. It is plain to you from the face of the statute. It might not make any sense, but we're compelled to that result by the word and. And I think that's what Crespo says. I think Crespo, I think this Court said in Crespo. I'm trying to give you a chance, really. Let me just, I'll be honest. I don't really see it on the face of the statute. If there's some common sense argument for why I should try to read the statute that way, I'm all ears, but I'm not hearing you giving me anything. You're just resting on the language. The consistency has to exist one way or the other. It's either we do it both at the same time or we treat these bifurcated proceedings in a different way. Congress picked all at one time. And is there a common sense reason for it? I wonder if there's ever common sense in Congress. But that's the way the statute is written. And I think this Court has told us we have to follow what the statute says. Thank you very much. Thank you, Kelch. Mr. Kelch. Good morning. May it please the Court, my name is Greg Kelch and I represent the Attorney General. In Crespo v. Calder, this Court reviewed Virginia's first offender statute and it predicted that if a defendant pleaded guilty and was put on probation, that deferred adjudication would qualify as a conviction for immigration purposes. And that is what has happened here. In May of 2005, the petitioner pleaded guilty to cocaine possession in a Virginia state court. And at least in our briefs, the trial judge made clear that that guilty plea was freely, voluntarily, and intelligently made. And on that day, the state court did find him guilty of that offense. Later, he returned for sentencing. At that point, the state judge wanted to put him on a deferred adjudication and grant him that benefit. So they vacated the finding of guilt and they sentenced the defendant to 12 months of probation. And that was a significant restraint on his liberty. He had to comply with all the rules and requirements that were set by the probation officer, neither possess nor consume any alcohol, maintain good moral character, maintain full-time employment. So the only point I think it seems like you're disagreeing on is the temporal requirement in terms of that punishment. The counsel for the defendant here says that that has to happen, I guess, sort of contemporaneous or simultaneous with it. You can't just have it separated like that. Well, we have two responses to that. First is I'll first talk about the reading of the statute, and then I want to talk about the facts, the timeline of the case. So the reading of the statute is that in Crespo v. Coulter, this court said that 1101A48A is subject to a literal reading. And it says that deferred adjudication becomes a conviction if the alien has entered a plea of guilty and the judge has ordered some form of punishment, penalty, or restraint on the person's liberty. It doesn't say anywhere in there literally that there's some temporal element that these two things have to happen on the same day. I disagree with counsel. I do not think the word and means that two events have to occur simultaneously. Today I had breakfast and I argued before the Fourth Circuit Court of Appeals. I'm not doing those two events at the exact same time, but the two events have occurred. So looking at a literal reading of the statute, it would appear that what happened in the State Court, that deferred adjudication, meets the standard set forth in Crespo, meets the standard set forth in 1101A48A. As to the facts of the case, however, even if there were a temporal element, it seems that even that standard would be met here because he entered a plea of guilty. That plea of guilty does not appear to have been vacated. The State trial judge said that he was vacating the finding of guilt. The State judge never said, I'm vacating the guilty plea. There's no evidence in the record that the petitioner withdrew his guilty plea or entered some other plea. And under the Virginia deferred adjudication statute, there had to be some plea in the record. And the only one we have is this guilty plea. So looking at the timeline, there actually is overlap. When he came back to court in November 2005, there was a guilty plea that was on the books, and then there was an order for probation. So even that standard would be met. And this deferred adjudication qualifies as a conviction. And therefore, because he is convicted of possessing a controlled substance, he is not statutorily eligible for cancellation of removal. These statutes are written by Congress because they were going after states like Virginia who were trying to give young people a chance. Their life would be destroyed by a first offense, wouldn't it? Yes, Your Honor. And I understand the Court's concerns. But as the Court noted in Crespo, Congress draws a line. When it draws a line, we ought to be very strict on that line since the line seems to be sometimes rather draconian, doesn't it? Your Honor, we are aware of the hardship factors in this case and the effect that this has on the petitioner. But that being the case, Congress has specified that in order to get this benefit, cancellation of removal, which would involve him being given lawful permanent resident status, going from movability to LPR, be a green card holder, he has to meet certain statutory elements, and one of which is he's not having been convicted of a defense described in 1227A2, and that includes being convicted of a controlled substance offense. And so, therefore, he's just not eligible for cancellation of removal. The point is even with conviction, it came up with a torturous-type definition of it. I mean, well, no, suppose we were left with facts sufficient. Where would they come from in a record like that? We'd have to almost try the case in a sense, wouldn't we? I know that's not the case either. You're not relying on that prong. But see how torturous that is? I mean, when a conviction is not a conviction, when I guess Congress says so, it's difficult, isn't it? I mean, so this temporal thing seems to some extent you plead guilty and you have punishment. One could read that as happening together or intended to be read that way. So you think it would just have to be totally absurd to the literal interpretation for that, right? Because if there's any ambiguity, we have some leeway, right? But you're saying it would have to be absurd. I don't mean absurd in respect to the counsel. I don't mean in that sense as a pejorative, but an unreasoned type of look at that, correct? Yes, Judge Gregory, that is our position. We think that if you look at 1101A48A and you read it, that does not state or give the impression that these two events have to occur on the same day. And you can imagine throughout the country with different deferred adjudication statutes that might be there, sometimes people might plead on one day and get a sentencing order some other day. Sometimes it happens together on the same day. We do not read a temporal element in 1101A48A. It seems just – maybe you can address this one little thing. It seems sort of counterintuitive to me when you put Crespo together with your position in this case, right? Because if the defendant refuses to accept responsibility, pleads not guilty and gets the deferred proceedings, no immigration consequences, he's fine. But if he steps up and accepts responsibility, then he has to be deported. Isn't that a little odd? It is, Your Honor. These are the concerns that we raised in the Crespo case when we argued Crespo. And that's the effect of the Crespo decision is that if a person goes to – if a defendant pleads not guilty and then is put on deferred adjudication, that does not qualify as a conviction for immigration purposes. And in respect to the Crespo panel, that court made clear. They wrote in there that Congress drew a line. And perhaps if Congress had been aware of how deferred adjudications work in Virginia, perhaps they would have drawn the line differently. But nonetheless, they drew a line, and the Crespo panel held that that has to be interpreted literally. And so, therefore, if it is not one of these things, if it's not an individual being found guilty or entering a plea of guilty or no contest or not admitting facts sufficient to finding a guilt, then it would not qualify as a conviction. So, therefore, in Mr. Crespo's case, he went to court and he pleaded not guilty. The State judge said there are facts sufficient to find you guilty, but the State judge did not find him guilty. And, therefore, Crespo held that that did not meet the strict reading of the statute. And as to this case, Crespo was decided, I believe, in 2011, and these State court proceedings happened in the 2005 and 2006 timeframe. So the petitioner wouldn't have been aware of the Crespo analysis at that time. The only difference being that the trial judge had, in fact, found him guilty, adjudicated him guilty, said there are facts sufficient of which he could be adjudicated, then vacated that. That was the situation. That would put you in a serious gray area, because he doesn't have to say, I'm making a fine, he says, I'm finding facts sufficient to do it. Basically, it's sort of like an alpha type plea that he's going to be putting forth. But that didn't happen in Crespo. And we drew the line and said, hey, you know, Congress, you're doing this, and we're going to make you hold you to the letter on it. I mean, Congress could say a conviction is anything, and the question is to what extent would it present an issue? Of course, it could be constitutional issues. You could say conviction exists if you walk into the courtroom. That would reach into what Judge Gregory said, absurd. And we probably would push it too far to go there, but this is getting there. I don't know, but I think Crespo kind of puts us where you say we are. I'm sorry, Judge, I'm not quite following your question. Not a question, it was just a comment. I'm not quite following what your concerns are about applying Crespo to this case, because in Crespo the court predicted. I think Crespo leans to this case and to the extent that the court in Crespo just carved out that one moment, says if you don't, if he's not guilty and there's no finding, which the statute requires, then you don't get there. That's the only point I'm making. If that court had found, then it would present a different question, pleading guilty. The court then makes a finding, facts are sufficient for the finding. Then I think you may have a different situation than in Crespo. Well, not to re-litigate Crespo, but what would have had to happen was the defendant would have had to admit facts sufficient to finding of guilt. But as moving forward to this case, years later, Crespo's prediction has come true. We have a petitioner who pleaded guilty to possessing cocaine. So there's subparagraph I of 110148A. The alien has entered a plea of guilty, and then the petitioner was placed on probation, which would satisfy subparagraph II, some form of punishment, penalty, or strain on the alien's liberty. Therefore, those two events have come together, and that constitutes a conviction for immigration purposes. What if the defendant pled guilty? The district court turned to the prosecution and said, relay the facts to me. And after hearing those facts, the circuit court said, I'm not accepting your plea. Would that be a plea? Well, Your Honor, I just don't want to get in front of the BIA on that, because we don't have that case. And I do hope to preserve some discretion for the BIA here in future cases, that if you have a situation, if we have a situation where there seems to be some criminal law or constitutional defect in the guilty plea itself, or in a finding of guilt, that the agency could take a look at that in the first instance. Because we're not trying to apply this statute to people who are innocent. But as to this case, because he has entered a guilty plea, and he's never contested, not before the immigration judge, the BIA, or in his opening brief, that he did not actually possess cocaine. So there may be instances you sort of keep your powder dry on the question of whether or not, under circumstances, even a literal interpretation of the statute might not apply. Potentially. Right? That's what, basically, we don't go that far. But you'd have to agree, if you come to some other conclusion on that, you are saying that would be an exception to the literal interpretation, because it only said you make the plea. Once you make the plea, it's of no moment what may come of that as to whether it's accepted or whatever, or even withdrawn subsequently. So you're not committing yourself, but at least, and I agree, I accept the candor. I appreciate your candor with the court there. Because, wait a minute, we get to a point now where maybe the net is so big now in the sense it may catch someone who's innocent. Well, Judge Gregory, I want to be clear. I'm not conceding that we're going to move away from the little reading of the statute. But just to piggyback on opposing Mr. Robertson's argument, what if that guilty plea is vacated? Because vacature means that it didn't happen. And so that would raise some new and interesting legal questions. And in matter of pickering, the BIA has held that, you know, when a finding of guilt is vacated for substantive reasons, that then it will no longer qualify for immigration purposes. So, yes, we do want to keep our powder dry, to use your phrase. But I want to be clear that I'm not conceding that what I envision would necessarily be contrary to the little reading of the statute. But, again, I do not want to get ahead of the BIA on that issue. In conclusion, I would say, again, that what has happened here meets the literal definition of a conviction and it renders the petitioner statutorily ineligible for cancellation of removal. Therefore, we ask that the court deny this petition for review. Thank you. Thank you, Mr. Carroll. Mr. Robertson, you have a few minutes. I do, Your Honor. And I thank the Court for listening to my argument. When is a conviction not a conviction is a great question. And I think that's the question in this case. And I think the only answer that you have to come to is that under this particular fact pattern and under this particular statute that we're dealing with, both 251 and 1101A48, that this particular fact pattern is not a conviction as it relates to this case. I think Judge Harris makes a very interesting point where Mr. Crespo did not accept responsibility for his actions if he did indeed possess drugs. He gets the benefit of not being deported because he pled not guilty. And unlike that, and if you accept the government's very literal reading of the statute, the guilty means that because Mr. Panjacki has pled guilty, it means he gets deported. Because he did the program, because he met what society wants him to do in this type of a case, that's where we go. I understand that the case — Why would a defendant plead guilty if you can plead not guilty and get the benefit of the statute because there are facts sufficient from which the judge can make the finding? That's true. Why would you plead guilty? You wouldn't. There's no reason to. Is the judge required to make that finding? The judge, if — Did you plead not guilty? Is there a requirement that the judge then said, well, there are facts here sufficient for which you could plead guilty, you could be found, and therefore I'm going to defer that? To put someone into 251, the way 18.2.251 reads? Yes. Yes. The way 251 reads is that, yes, he must — Yes, the judge is required to do it. To make a finding a fact. So why would he ever plead guilty, especially someone who could be deported? He wouldn't. And why do people plead guilty? People plead guilty because they realize that they have to accept responsibility for their actions. So if your client had you back when you were in the state court, you would have pled guilty. You wouldn't be here, right? If — well, in 2005, I don't know. I know that after Crespo came out, he wouldn't — if I was representing him, he wouldn't have pled. And I also know, just by experience, by doing criminal defense work, that prosecutors, several prosecutors' offices, in reaction to Crespo, have said, if he wants the program, he's got to plea. He's got to enter a guilty plea or we will not agree to the program. And so you're left arguing for the judge for it. Just as a matter of practice, I mean, are Virginia judges more likely to invoke this first offender statute and be more lenient when people do plead guilty? Absolutely. So that would be the reason to plead guilty, so that you have a better chance of getting the — okay. Absolutely. But it wouldn't be a reason if you're going — you could be deported. But not if you're going to be deported. Exactly. I mean, that's where it kind of — it runs so back and forth. And the Immigration Nationality Act and the way the BIA interprets it and the way — not just the Fourth Circuit, though I love — I'm going to sound like I'm patronizing. I'm not. The way — the Fourth Circuit's rulings on how it interprets the INA are very beneficial. But it's — but there's so many different ways to look at this very complicated piece of legislation, the Immigration Nationality Act, that you do have to wonder, what was Congress thinking when they wrote it? Where did they come up with some of these things? And it does lead you to the conclusion that the only reason — the only way that anybody can get any predictability out of the INA is to interpret it literally at every stand. And in this case, the and — and I think the and does carry a requirement that they both, the plea and the restraint, have to exist in the same moment. Wasn't Congress thinking just what Chief Judge Greger just alluded to, and that is to deal with this very situation. Individual's guilt as it can be goes in and the court gives him a break because they don't want to be draconian in terms of the type of punishment, so they defer it. But nonetheless, he's guilty of it. And weren't they addressing the same — this is what they were talking about. I — and I think they came down on the side that they have to exist in the same — at the same time. That's where I — that's my reading of it, and I hope the court agrees. I have 15 seconds left to tell the court that the clerk's office here is fantastic, and you are well served, and so is the bar, very well served by the clerk's office. And I wanted to make sure we made that compliment on the record. Thank you. Say, Mr. Robertson, I can assure you that the court agrees with you wholeheartedly. We have the best clerk in the country, and I'll pass those accolades on to her. Thank you very much for your presentation as well, Mr. Kelch.
judges: Roger L. Gregory, James A. Wynn Jr., Pamela A. Harris